```
 1               IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
 2                       Newport News Division

 3

 4   - - - - - - - - - - - - - - - - - -
                                        )
 5     UNITED STATES OF AMERICA,        )
                                        )
 6     v.                               )  CRIMINAL ACTION NO.
                                        )  4:25cr7
 7                                      )
       NOE MEDRANO NUNEZ,               )
 8                                      )
               Defendant.               )
 9                                      )
     - - - - - - - - - - - - - - - - - -
10

11
                     TRANSCRIPT OF PROCEEDINGS
12
                         Norfolk, Virginia
13
                         February 18, 2025
14

15
     BEFORE:
16             THE HONORABLE ROBERT J. KRASK
               United States District Judge
17

18   APPEARANCES:

19
               UNITED STATES ATTORNEY'S OFFICE
20             By:  Kristin Bird
                    Assistant United States Attorney
21                  Counsel for the United States

22
               FEDERAL PUBLIC DEFENDER'S OFFICE
23             By:  Michael Tagliabue
                    Assistant Federal Public Defender
24                  Counsel for the Defendant

25
```

JODY A. STEWART, Official Court Reporter

```
 1                (Hearing commenced at 2:36 p.m.)
 2                THE CLERK:  United States of America versus Noe
 3    Medrano Nunez, case 4:25cr7.
 4                Is the government ready to proceed?
 5                MS. BIRD:  The United States is prepared to
 6    proceed.
 7                Good afternoon, Your Honor.
 8                THE COURT:  Good afternoon.  Do we have an
 9    interpreter on Tips?
10                THE CLERK:  Yes, Your Honor.
11                THE COURT:  Very well.  If the interpreter can hear
12    me, would you state your full name for the record.
13                THE INTERPRETER:  Good afternoon, Your Honor.  This
14    is Melinda Gonzalez-Hibner, supervisory interpreter from the
15    District of New Mexico.
16                THE COURT:  All right.  If you will, madam clerk,
17    swear in the interpreter, we will begin.
18                THE CLERK:  You do affirm that you will accurately
19    and truly interpret and translate all necessary proceedings,
20    including all questions and the answers thereto which may be
21    propounded by the Court, counsel or witness.
22                THE INTERPRETER:  Yes, I do.
23                THE CLERK:  Thank you.
24                THE COURT:  Good afternoon, sir.  Are you Noe
25    Medrano Nunez?
```

1       THE DEFENDANT: Yes, sir.
2       THE COURT: You are before the Court today because
3  you've been indicted by a federal Grand Jury in a written
4  charging document. Have you received a copy of this
5  indictment?
6       THE DEFENDANT: Yes.
7       THE COURT: You have it there in front of you?
8       THE DEFENDANT: Yes.
9       THE COURT: I'm going to read the charge and have
10 it interpreted, and I will ask you some questions after I do
11 that. So the indictment is in one count, and it charges
12 that on or about September 11, 2024, here in the Eastern
13 District of Virginia, that the defendant, an alien, was
14 found in the United States after having been removed
15 therefrom on or about June 1st, 2000, at or near Laredo,
16 Texas, and not having obtained the consent of the Secretary
17 of Homeland Security to reapply for admission to the United
18 States. That is the charge.
19      With the assistance of the interpreter, Mr. Nunez,
20 were you able to understand the charge as I just recited it?
21      THE DEFENDANT: Yes.
22      THE COURT: In connection with your appearance here
23 today, you need to know you have certain rights under the
24 Constitution. Those rights include the right to have the
25 assistance of a lawyer with your case. If you cannot afford

```
 1  a lawyer, you may request that I appoint one for you.  Do
 2  you understand that, sir?
 3          THE DEFENDANT:  Yes.
 4          THE COURT:  Do you understand further that you are
 5  not required to make any statements in connection with this
 6  charge, and if you do make statements, they may be used
 7  against you?
 8          THE DEFENDANT:  Yes.
 9          THE COURT:  Very good.  Are you requesting that I
10  appoint a lawyer to assist you with your case?
11          THE DEFENDANT:  Yes.
12          THE COURT:  And to assist me in deciding whether
13  you qualify, did you sign this financial affidavit I'm
14  holding up?
15          THE DEFENDANT:  Si.
16          THE COURT:  Is the information contained on this
17  financial affidavit true?
18          THE DEFENDANT:  Yes.
19          THE COURT:  All right.  Let me review it.
20          (Pause)
21          THE COURT:  Mr. Tagliabue, I'm going to ask you to
22  just verify -- that the information contained about the
23  monthly income is correct -- with Mr. Nunez?
24          MR. TAGLIABUE:  Yes, Your Honor.
25          (Counsel conferring with the defendant.)
```

```
1            MR. TAGLIABUE:  Yes, Your Honor, he confirmed that
2   that is the amount he makes monthly.
3            THE DEFENDANT:  Yes.
4            THE COURT:  Thank you.  Well, then I am going to
5   appoint counsel, but I'm going to direct that Mr. Nunez make
6   payments towards the cost of counsel at the rate of $250 per
7   month, and we will start the first Monday of the months
8   starting with March 3rd, 2025, and continuing thereafter.
9            Give me just one moment.
10           What is the government's position with respect to
11  bail?
12           MS. BIRD:  Good afternoon, Your Honor.  Pursuant to
13  the Bail Reform Act and specifically Section 3142(f)(2)(A),
14  the United States is seeking a temporary detention order and
15  asking this matter be carried over for a detention hearing
16  and arraignment Monday, February 24th, 2025, at 2:00 p.m. in
17  Newport News.
18           THE COURT:  Mr. Tagliabue, I didn't ask, but I'm
19  assuming the Federal Public Defender is available for this
20  appointment?
21           MR. TAGLIABUE:  Yes, Your Honor, it is.
22           THE COURT:  Do you want to be heard, and I will
23  appoint the Federal Public Defender to represent you.
24           MR. TAGLIABUE:  And, yes, Your Honor, I would like
25  to be heard on the matter of the detention hearing.  The
```

1  government is moving for detention under 3142(f)(2)(A),
2  which requires that there be a serious risk that a person
3  will flee.  3142(f) is a gatekeeping function that first
4  requires a certain basis for even holding a detention
5  hearing, and for that there has to be an individualized
6  determination, there has to be a fact finding, and there are
7  several circuits that have said it's an individualized
8  determination, like *United States versus Sanchez-Rivas*,
9  752 F.Appx. 601, which is the Tenth Circuit; *Santos-Flores*,
10 which is 794 F.3d 1088, which is the Ninth Circuit.
11         The reason we bring this up is because, Your Honor,
12 in (f)(1), the statute lists several categorical offenses
13 where detention hearing is authorized, but 1326, an illegal
14 re-entry case, is not one of those.
15         Here I anticipate that the government's basis is
16 that this isn't an illegal re-entry case, which makes it a
17 serious risk that a person will flee, but that fact alone of
18 this offense should not be enough, or else the statute would
19 have listed it in (f)(1) as one of the enumerated offenses.
20         Your Honor, that comes from one District Court case
21 in Idaho.  It's not binding, of course, but I think it is
22 persuasive, and that's *United States versus*
23 *Figueroa-Alvarez*, F.Supp.3d 1131.  And, Your Honor, we do
24 have information that we would like to proffer about
25 Mr. Nunez, whether he is a serious risk of flight.

1            THE COURT: Certainly. Go ahead.
2            MR. TAGLIABUE: We would proffer that Mr. Nunez has
3   been residing in Hampton, Virginia and renting a house at
4   ███████████. He has a job, his own company, Medrano's
5   Flooring, and he takes care of his son, who is seven years
6   old. He has physical custody right now, and he's currently
7   actually trying to litigate some custody hearings involving
8   his son. He's got court hearings in May and June. Your
9   Honor, he is the one that takes physical care of his son,
10  gets him to school.
11           THE COURT: Who is he litigating against?
12           MR. TAGLIABUE: The mother of the child, Your
13  Honor.
14           THE COURT: Is she local?
15           MR. TAGLIABUE: Yes, Your Honor. I believe she's
16  in Hampton.
17           Your Honor, if I could just (inaudible) real quick.
18           Your Honor, she lives in Newport News, and they are
19  working to co-parent together. I believe they are trying to
20  have joint custody in those hearings.
21           And, Your Honor, I don't think there is any, or
22  least I'm not aware of any history of failure to appear for
23  any of the court hearings, as far as in that custody battle
24  or anything, any history of that. So we would say that
25  there is not a serious risk of flight for Mr. Nunez so that

```
 1   a detention hearing should not even be held under (f)(2)(A).
 2             THE COURT:  Thank you.
 3             Care to respond?
 4             MS. BIRD:  Yes, Your Honor.  Your Honor, the
 5   limited information that we have at this point, short of a
 6   proffer that's been given to defense counsel, is that this
 7   defendant has four prior felony convictions, including
 8   felony carrying a weapon on alcohol premises, that's in
 9   2000; unauthorized use of a motor vehicle, 2001; felony
10   unlawful carrying of a weapon, 2001; illegal re-entry, 2002;
11   unauthorized use of a vehicle, 2013; illegal re-entry, 2014;
12   illegal re-entry, 2016; illegal re-entry, 2019.
13             Your Honor, from the government's perspective, you
14   have somebody who is clearly not abiding by Court orders.
15   United States has concern that he is a risk of flight.  We
16   would ask that this matter be carried over for a more
17   fulsome detention hearing on Monday.
18             THE COURT:  Thank you.
19             MS. BIRD:  Thank you.
20             THE COURT:  Anything further?
21             MR. TAGLIABUE:  Yes, Your Honor, very briefly, if I
22   may.  I think the history of an illegal re-entry shows that
23   Mr. Nunez wants to be here, and while Ms. Bird did cite some
24   previous criminal matters, again, I don't think there has
25   been any showing that he failed to appear for any of those
```

9

1  charges, or at least I'm not aware of them, and the
2  government has not proffered that here.  So I don't think we
3  can make the decision that he poses a serious risk of flight
4  with no information that he's failed to appear before, and
5  the fact that he has continued to show up in this country.
6  Thank you.
7           THE COURT:  All right.  Thank you.  I think the
8  government has sufficiently carried its burden at this early
9  stage of the case to establish that there is a basis to find
10 a serious risk of flight that goes beyond simply the
11 defendant's potential status as an alien present in the
12 United States.  So I will hold and schedule a detention
13 hearing for February 24th at 2:00 p.m. in Newport News.
14          I will also enter an order pursuant to the Due
15 Process Protections Act at this time reminding the
16 government of its obligation to disclose information that is
17 exculpatory and material to questions of guilt or punishment
18 to the defense in time for their timely use of such matters
19 in the litigation of this case.
20          Mr. Nunez, we are going to hold a hearing in your
21 case the 24th, is next Monday at the federal courthouse in
22 Newport News at 2:00 p.m.  Until then you will be
23 temporarily held in the custody of the U.S. Marshals.  They
24 will bring you back to court next week for that hearing.
25 You will have the assistance of an attorney from the Federal

```
 1  Public Defender at that time, and the Court will make a
 2  decision about whether you should be held in custody or
 3  released on terms and conditions pending your trial on this
 4  charge.
 5          Do you understand how we are going to proceed with
 6  your case?
 7          THE DEFENDANT:  Yes.
 8          THE COURT:  Very good.  Then the defendant is
 9  remanded to the custody of the U.S. Marshals.
10          Thank you, counsel.
11          THE INTERPRETER:  May the interpreter be excused,
12  Your Honor?
13          THE COURT:  You may.  Thank you very much.
14          THE INTERPRETER:  Thank you.
15          (Hearing adjourned at 2:49 p.m.)
16                       CERTIFICATION
17
18      I certify that the foregoing is a correct
19  transcript, to the best of my ability, of the court's audio
20  recording of proceedings in the above-entitled matter.
21
22       X_____/s/_____x
23                    Jody A. Stewart
24            X_____2-27-2025 _____x
25                         Date
```

JODY A. STEWART, Official Court Reporter