IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA

v.                                         Case No. 4:25cr-07

NOE MEDRANO NUNEZ

        Defendant.

## DEFENDANT NOE MEDRANO NUNEZ'S MOTION FOR RECONSIDERATION OF DETENTION ORDER

COMES NOW the Defendant, Noe Medrano Nunez, by undersigned counsel, respectfully moving this Honorable Court, pursuant to 18 U.S.C. §§ 3142(f)(2) and 3145(b), to reconsider and modify the detention order and order Mr. Medrano released pursuant to any and all reasonable conditions that will ensure his appearance and the safety of the community. Mr. Medrano asserts that there is additional evidence available that warrants reconsideration of the detention order and his release and would request an expedited hearing to present this additional evidence. In support of this motion, Mr. Medrano avers as follows:

I.    BACKGROUND

Mr. Medrano made his initial appearance before this Court on February 18, 2025. ECF No. 6. The Government moved for his detention under 18 U.S.C. §§ 3142(f)(2)(A), claiming that there was a serious risk that Mr. Medrano will flee. The defense objected to the Government's motion for detention. However, the Court determined that Mr. Medrano posed a serious risk of flight and detained Mr. Medrano on a temporary detention order until his detention hearing. On February 24, 2025, a detention hearing was held. ECF No. 12. At that hearing, Magistrate Judge Miller found

1

that there were conditions of release that could reasonably ensure the appearance of Mr. Medrano and the safety of the community and ordered Mr. Medrano to be released subject to monitoring and a curfew. The Government immediately filed its motion to review and revoke the release order and stay the release order pending review. ECF No. 14. Magistrate Judge granted the Government's motion and ordered a stay of his release order. ECF No. 15. On February 25, 2025, Mr. Medrano opposed the Government's motion. ECF No. 16. The Government's reply was filed on February 28, 2025. ECF No. 18. The Court granted and the Government's motion and revoked Mr. Medrano's bond on March 17, 2025. ECF No. 22. The Court noted that despite Mr. Medrano's significant ties to the Eastern District of Virginia community, they are not strong enough to overcome the risk of flight due to the threat of Mr. Medrano being involuntarily removed.

Mr. Medrano suggests that based upon subsequently obtained evidence after the detention hearing, this Court can be assured that he is not a significant flight risk and that bond conditions could be set to reasonably ensure that Mr. Medrano appears for trial.

II. ADDITIONAL EVIDENCE SUPPORTING AMMENDMENT OF DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of the community." Mr. Medrano suggests that there is new evidence that has a material bearing on whether he represents a significant risk of flight and would request another hearing to present said evidence. The material new evidence is 1) the Affidavit of Mr. Raul Flores who attests to the character and

2

trustworthiness of Mr. Medrano, agrees to act as a third-party custodian to ensure Mr. Medrano's conformance with any and all terms of pretrial release, and confirms that Mr. Medrano will be living at his home address;  2) the U Visa Petition submitted by Mr. Medrano that indicates he was the victim of a violent crime and cooperated with law enforcement that thereby qualifies for application for protected immigration status; and 3) that Mr. Medrano has primary physical custody of his seven-year-old son and is required to appear in Newport News Circuit Court on May 1, 2025 at 8:30 A.M. to address a custody related matter before the court.

### A.  AFFIDAVIT OF MR. RAUL FLORES

Mr. Flores addresses some of the key outstanding considerations of the Court regarding the risk of flight in that he attests that he has known Mr. Medrano for over 8 years and has a high opinion of his character and trustworthiness.  Additionally, Mr. Flores indicated that he agrees to be a third-party custodian in this case and will allow Mr. Medrano to live at the address indicated in the affidavit (redacted).  Finally, Mr. Flores indicates that he will ensure that Mr. Medrano appears for all court dates and believes that Mr. Medrano will adhere to all pretrial requirements.

### B.  MR. MEDRANO'S FORM I-918, PETITION FOR U NONIMMIGRATION STATUS

Mr. Medrano submitted a FORM I-918, Petition for U Nonimmigration Status on April 25, 2024, to the U.S. Citizenship and Immigration Services (USCIS) Vermont Service Center via his retained immigration attorney.  See Exhibit 2, Mr. Medrano's U Visa Petition (filed under seal).  According to his immigration counsel, Mr. Medrano's application establishes the statutory requirements pursuant to INA § 101(a)(15)(U) and 8 C.FR. 214.14.  The petition submitted by Mr. Medrano provides detailed accounts that, on July 20, 2023, he was a direct

3

victim of Robbery with a Handgun. Additionally, it summarizes that he "courageously provided credible and reliable information to the Hampton Roads Police Department. As a result of the crime committed against him, U1 Applicant has suffered substantial emotional / psychological injuries." It is documented in the petition that Mr. Medrano was robbed at gunpoint and the assailant fired at him multiple times at close range. Although the bullets did impact Mr. Medrano's truck behind him, he was not physically harmed by the gunfire. Mr. Medrano's petition is confidential, and all attempts to determine the status of the petition or where it is in the process at USCIS have been unsuccessful.

    C. NEW EVIDENCE RELATED TO MR. MEDRANO'S CUSTODY CASE

Although there has been references to Mr. Medrano's current custody litigation involving his son, newly submitted evidence has clarified the dire situation Mr. Medrano's currently faces. On March 11, 2025, the Newport News Circuit Court Issued a Permanency Planning Order, whereby it ordered on page 5, paragraph 12, "that Noe Medrano Nunez a.k.a. Noe Medrano and Maria Ann Ulloa shall have joint legal custody of the child. Noe Medrano Nunez a.k.a. Noe Medrano shall have primary physical custody of the child." See Exhibit 3; Newport News (filed under seal). Additionally, Mr. Jeffery Ambrose, Esquire, has provided correspondence in support of this motion indicating that he represents Mr. Medrano in the Newport News Circuit Court and that the next hearing is currently scheduled for May 1, 2025. Specifically, Mr. Ambrose states that has represented Mr. Medrano for several years in the current custody matter and that "my client has never failed appear for Court, never failed to appear for a scheduled meeting… has a stable residence and [has] primary physical custody of his son… whom has substantial learning disabilities and handicaps." See Exhibit 4.

### III.   THE ADDITIONAL EVIDENCE SUGGESTS THAT MR. MEDRANO'S DOES NOT REPRESENT A SIGNIFICANT FLIGHT RISK

Mr. Medrano suggests that this new evidence should be sufficient for this Court to reconsider the previously entered detention order and find that conditions of bond will reasonably ensure that Mr. Medrano will appear for trial.

The Government has attempted to paint Mr. Medrano as a high-risk criminal who will flee to avoid prosecution in this case. However, as the newly presented evidence indicates, Mr. Medrano has availed himself to the authority of both law enforcement and the court. Mr. Medrano has not had a non-immigration related criminal offense in decades. He has been the victim of a violent crime and has cooperated fully with law enforcement. Through retained counsel, Mr. Medrano has rightfully initiated a legally sound petition to obtain a U visa. Such visas are reserved for those without immigration status that are the victims of specifically enumerated crimes. The fact that he has taken the effort and expense to pursue such immigration status is indicative of his character and respect for the law, as well as his commitment to find a path to lawfully remain in the United States.

Additionally, through retained counsel, Mr. Medrano has fought a lengthy legal battle to gain custody of his son though the Newport News Circuit Court. Mr. Medrano's retained family law attorney has indicated that Mr. Medrano has never missed a court date or a meeting and is fighting for his at-risk, special needs, son. In the Court's order revoking bond, on page five, paragraph two, the Court indicated that "Defendant seeks to obtain primary custody." However, Mr. Medrano has *already obtained primary physical custody* and rather seeks to preserve what he has already fought to obtain.

Mr. Medrano has spent thousands of dollars on legal fees associated with his petition for U

visa status. He has spent thousands more on his custody litigation. He has availed himself to the authority of the courts and to USCIS in his lawful pursuit of immigration status set aside for victims of violent crimes. He has a place to live, a third-party custodian willing to ensure his appearance, and the desperate need to appear in Newport New Circuit Court this Thursday, May 1, at 8:30 A.M. to protect his custody rights. Mr. Medrano Nunez respectfully suggests that the additional new evidence before the Court strongly supports the conclusion that he has demonstrated both incentive, and intent, to appear for trial and does not represent a significant flight risk.

    WHEREFORE, the Accused Noe Medrano Nunez would respectfully request that this Honorable Court reconsider the detention order and allow his release and/or set this matter for an expedited evidentiary hearing.

                                                      /s/
                                      Eric Leckie
                                      Virginia State Bar# 86847
                                      Invictus Law
                                      1240 Perimeter Parkway, Suite 404
                                      Virginia Beach, Virginia 23454
                                      ericleckie@invictus-law.com
                                      Office  757-337-2727

**Certificate of Service**

I hereby certify that on the 28th day of April, 2024, I electronically filed the following with the Clerk of Court using the CM/ECF System, which shall send notification of such filing to the following noted opposing party:

Devon E.A. Heath
Assistant United States Attorney
United States Attorney's Office
11815 Fountain Way, Suite 200
Norfolk, VA 23606
(757) 591-4000
devon.alston@usdoj.gov

                                                      /s/
Eric Leckie
Virginia State Bar# 86847
Invictus Law
1240 Perimeter Parkway, Suite 404
Virginia Beach, Virginia 23454
ericleckie@invictus-law.com
Office  757-337-2727